REDMANN and BEER, Judges,
dissenting.
The severity of plaintiff’s asbestosis is much less than that of Chivoletto v. Johns-Manville P. Corp., La.App. 4 Cir. 1976, 319 So.2d 492, aff’d La., 330 So.2d 295, which held plaintiff’s disability not permanent and total. We there awarded benefits under R.S. 23:1221(4)(p) for impairment of the physical function of the lungs (a question not reviewed by the Supreme Court). We might here make a similar award.
But we find the medical evidence persuasive to the point of compelling a conclusion that Landry’s inability to return to his former employment is due solely to the combined onslaught of angina pectoris, coronary artery disease, and hypertension. Accordingly, we respectfully dissent.
BEER, Judge, dissenting from the refusal to grant a rehearing.
When Chivoletto v. Johns-Manville Products Corporation was affirmed by us (319 So.2d 492), I concurred, being of the view that Mr. Chivoletto had experienced some— but not a disabling — loss of lung function. The Supreme Court affirmed (330 So.2d 295), indicating, I believe, that a distinction can be recognized between a situation where the physical functions of the lungs have been impaired to some extent but where the disability which prevents a return to full employment results from other causes not covered by the compensation act. In my view, that is exactly what this record indicates. Mr. Landry is not disabled by asbestosis, and there is no basis in this record (in my view) for concluding that asbestosis is “the root cause of his disability.” His disability results from angina pec- *746 toris, coronary artery disease and hypertension which does not result from his employment and, thus, is not covered by the compensation act.
I would grant the rehearing and would, thereafter, vote to make an award similar to that discussed in my concurring opinion in Chivoletto, supra.